THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAMES PENSYL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action |
| | : | No. 5:09-cv-406 (CAR) |
| THE TERMINIX INTERNATIONAL | : | |
| COMPANY LP; THE SERVICEMASTER | : | |
| COMPANY; SERVICEMASTER | : | |
| CONSUMER SERVICES LIMITED | : | |
| PARTNERSHIP; SERVICEMASTER | : | |
| CONSUMER SERVICES, INC.; | : | |
| JAMES CHASE; and Fictitious Defendants | : | |
| nos. 1 through 10, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER ON PLAINTIFF'S MOTION TO REMAND

Currently before the Court is Plaintiff's Motion to Remand [Doc. 6] this case to the Superior Court of Houston County, Georgia, where Plaintiff originally filed the action. Plaintiff contends, and the Court agrees, that because all Defendants did not timely consent to the removal of the case to this Court, the case must be remanded. Therefore, Plaintiff's Motion to Remand [Doc. 6] is **GRANTED,** and this case is hereby **REMANDED** to the Superior Court in Houston County, Georgia.

It is well-settled that under 28 U.S.C. § 1446(a), removal procedure requires that all

1

defendants consent to the removal of a case to federal court.  See Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1044 (11th Cir. 2001) ("[T]he law is well settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court."); and Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, 427 F.2d 325, 326-27 (5th Cir. 1970) ("The law is clear that under 28 U.S.C. § 1446(a), removal procedure requires that all defendants join in the removal petition.").[1]  This is known as the "unanimity rule."  If all defendants do not consent to removal, this constitutes a defect in removal procedure under 28 U.S.C. § 1447(c), making removal improper.  "To effect removal, each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing within the 30-day period prescribed in 28 U.S.C. § 1446(b)."  Nathe v. Pottenberg, 931 F. Supp. 822, 825 (M.D. Fla. 1995).

Here, it is undisputed that the three ServiceMaster Defendants did not join in the original removal petition or timely consent on the record within 30 days after receiving service of the complaint in accordance with 28 U.S.C. § 1446(b).[2]  Thus, Defendants do not

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] Although Defendant James Chase also did not join in the original petition to remove the case to this Court, a defendant fraudulently joined to defeat removal need not join in or consent to removal.  Defendants argue that James Chase was fraudulently joined in this case.  Because the Court remands this case based on the ServiceMaster

meet the unanimity requirements, and unless they fall within an exception to the unanimity rule, the case must be remanded. The ServiceMaster Defendants argue that they fall within the "nominal party" exception.[3] Specifically, the ServiceMaster Defendants contend they were not required to join in or consent to removal because they are merely "nominal" parties to the litigation as Plaintiff sued them solely as the parent company of Terminix International with no independent liability.

The "nominal party" exception provides that "nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal." Tri-Cities Newspapers, Inc., 427 F.2d at 327. As defined in Black's Law Dictionary, a "nominal party" is "a party who, having some interest in the subject matter of a lawsuit, will not be affected by any judgment but is nonetheless joined in the lawsuit to avoid procedural defect," giving as an example "the disinterested stakeholder in a garnishment action." Black's Law Dictionary (8th ed. 2004). Courts applying the "nominal defendant" exception to the unanimity rule have defined the term in varying ways. See, e.g., Thorn v. Amalgamated Transit Union, 305 F.3d 826, 833 (8th Cir. 2002) (nominal defendants are "those against whom no real relief is sought") (citation and internal quotation marks

---

Defendants' lack of unanimity, the Court need not address the parties' fraudulent joinder arguments.

[3] There are other exceptions to the unanimity rule, including a defendant fraudulently joined and a defendant that has not been served with process, but no other exception is applicable in this case.

omitted); Shaw v. Dow Brands, 994 F.2d 364, 369 (7th Cir. 1993) ("A defendant is nominal if there is no reasonable basis for predicting that it will be held liable."); Farias v. Bexar County Board of Trustees, 925 F.2d 866 (5th Cir. 1991) ("To establish that non-removing parties are nominal parties the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.") (citation and internal quotation marks omitted). In this Circuit, "[t]he ultimate test of whether the defendants are indispensable parties is whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." Id. (citation and internal quotation marks omitted).

In this case, the ServiceMaster Defendants do not qualify as "nominal" defendants under any of the formulations cited above.  Plaintiff's allegations against the ServiceMaster Defendants are not based solely through their parent relationship with Terminix.  Plaintiff plainly alleges in the complaint that the ServiceMaster Defendants are liable for their own conduct and for the conduct of their agent, Terminix.  Plaintiff alleges that the ServiceMaster Defendants are directly responsible for improperly investigating and failing to properly arrange for repair of termite damages under Plaintiff's damage guarantees. (Compl., Doc. 1-2 at ¶¶ 27, 41, and 46). Moreover, Plaintiff seeks specific relief against the ServiceMaster Defendants under Georgia's Uniform Deceptive Trade Practices Act,

4

O.C.G.A. §§ 10-1-370 et seq. and its Fair Businesses Practices Act of 1975, O.C.G.A. §§ 10-1-390 et seq.  (Compl., Doc. 1-2 at ¶¶ 48-50 and 81-104).  Accepting as true that the ServiceMaster Defendants directly mishandled Plaintiff's claim for termite damage repair, this Court cannot find that the ServiceMaster Defendants are merely nominal defendants.

Because the ServiceMaster Defendants neither complied with nor fall within an exception to the unanimity rule, Plaintiff's Motion [Doc. 6] is **GRANTED**, and the case must be **REMANDED** to the Superior Court in Houston County, Georgia.  "Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction."  Russell Corp., 264 F.3d at 1044 (citations omitted).

It is SO ORDERED this 12th day of April, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

SSH